## Commonwealth v. Gray.

*Criminal law—Railroad policemen—Costs—Relief from costs.*

A railroad policeman, prosecuting for the crime of perjury, should not be subjected to costs imposed by a petit jury, unless the motive for the prosecution was improper.

Petition for relief from payment of costs. Q. S. Lehigh Co., June Sess., 1922, No. 102.

*Dallas S. Gangewer*, Assistant District Attorney, for Commonwealth.

*William H. Schneller*, for defendant.

RENO, J., May 21, 1923.—Our assistant district attorney has applied for an order relieving the prosecutor from the payment of the costs imposed upon him by the verdict of the petit jury. The prosecutor was commissioned by the Governor, under the authority conferred by the Act of Feb. 27, 1865, P. L. 225, as "a policeman for the Lehigh and New England Railroad Company." The prosecution instituted was for perjury alleged to have been committed by the defendant in this court.

At first blush, it would seem that a railroad policeman is not a public officer in the sense that the latter term is usually employed. But the Superior Court has critically examined the reasons which support that opinion and has definitely determined that other "considerations lead strongly to the conclusion that the policeman presumptively acts as a public officer and not as the servant or employee of the railroad company:" Finfrock v. Northern Central Ry. Co., 58 Pa. Superior Ct. 52.

The *"prima facie* presumption that such officer acted solely on his own accord as a peace officer may be rebutted" (Finfrock v. Northern Central Ry. Co., 58 Pa. Superior Ct. 52), and, possibly, is very readily overcome when he prosecutes for an offence committed "upon or along said railroads or the premises of any such corporations:" Act of Feb. 27, 1865, P. L. 225. But when he prosecutes for a crime, such as perjury, which is an offence against the whole body of the public and affects public peace, security and rights, he should not be subjected to costs unless the motive for the prosecution was improper. That factor not appearing, the prosecutor should be relieved from the consequences of the verdict.

Now, May 21, 1923, the prayer of the petition is granted and the costs of prosecution are ordered to be paid by the County of Lehigh.

From James L. Schaadt, Allentown, Pa.